## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ANDERSEN & ASSOCIATES, INC.,
d/b/a ANDERSEN MATERIAL HANDLING,
a Michigan Corporation,

       Plaintiff,

v.

SCOTT WERNER,

       Defendant.

---

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446, the above-captioned action, which is currently pending in the Circuit Court for Oakland County, Michigan, is hereby removed by Defendant Scott Werner to the United States District Court for the Eastern District of Michigan, by filing of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Michigan.  As grounds for removal, Mr. Werner states as follows:

1.     Andersen & Associates, Inc. is a Michigan corporation with its principal place of business in Michigan.  *See* Complaint at ¶2, attached as **Exhibit A**.  It is a citizen of the State of Michigan.  28 U.S.C. 1332(c)(1).

03236439 v1

2.      Scott Werner is domiciled in and is a citizen of the State of Florida.  *See* Complaint at ¶3.

3.      The Complaint seeks injunctive relief, the monetary value of which exceeds $75,000, exclusive of interest and costs.

4.      This action is removable pursuant to 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

5.      Copies of the summons and other state court papers are **Exhibit B**.

Respectfully submitted,

MADDIN HAUSER ROTH
   & HELLER, P.C.

*/s/  Kathleen H. Klaus*
Kathleen H. Klaus
Attorneys for Scott Werner
28400 Northwestern Highway, 3rd Floor
Southfield, MI  48034
(248) 359-7520
P67207
kklaus@maddinhauser.com

Dated:  March 16, 2020

# EXHIBIT A

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

## STATE OF MICHIGAN
### IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

ANDERSEN & ASSOCIATES, INC,
D/B/A ANDERSEN MATERIAL HANDLING,
a Michigan corporation,

Plaintiff,

v.

SCOTT WERNER,
an individual,

Defendant,

2019-178461-CB

Case No. 2019-_____-CB

Hon. JUDGE JAMES M. ALEXANDER

_____

BUTZEL LONG, a professional corporation
Bernard J. Fuhs (P69621)
Brett J. Miller (P68612)
150 W. Jefferson – Suite 100
Detroit, Michigan 48226
313-225-7044
fuhs@butzel.com
millerbr@butzel.com

_____

### VERIFIED COMPLAINT
### FOR INJUNCTIVE AND OTHER RELIEF

*This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035. There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.*

Plaintiff Andersen & Associates, Inc. d/b/a Andersen Material Handling ("AMH"), by and through its counsel, Butzel Long, a professional corporation, for its Verified Complaint for Injunctive and Other Relief against Defendant Scott Werner ("Defendant" or "Werner"), states as follows:

### INTRODUCTION

1.      This action arises out of Defendant's breach of a non-compete agreement.

## JURISDICTION AND PARTIES

2.     Plaintiff AMH is a Michigan corporation that conducts business in Oakland County, Michigan.

3.     Defendant Werner is an individual that, upon information and belief, is a citizen of the State of Florida, residing at 1627 Riverview Rd,, #110, Deerfield Beach, FL 33441.

4.     The amount in controversy exceeds $25,000, exclusive of interest, costs and attorney's fees, and Plaintiff seeks injunctive relief as well.

5.     Venue is proper in this Court under MCL § 600.1627 because all or part of the cause of action arose in this county.  Defendant also consented to personal jurisdiction and venue in this Court pursuant to Section 14 of Defendant's Employment Agreement (**Exhibit A**), contracted with a Michigan headquartered company based in Oakland County, regularly communicated with and reported to Plaintiff's management and/or personnel located in Michigan. Plaintiff regularly communicated with the Eastern Michigan Sales Support Department regarding quotes for prospective customers and administrative functions relating to Plaintiff's pay, commissions, and employment were handled in Michigan.

6.     This meets the statutory requirements to be assigned to the business court pursuant to MCL 600.8031(1)(c)(ii) as the claims arise out of a contractual relationship between a business enterprise and an employee.

## GENERAL ALLEGATIONS

7.     Plaintiff AMH is a Michigan headquartered company with over 60 years of experience providing material handling solutions, equipment, and engineered systems to customers.  AMH has locations in Michigan, Ohio and Florida.   **Exhibit B**, AMH Website.

8.     Defendant Werner worked as an Account Executive for Plaintiff from approximately August 10, 2015 through his termination on January 25, 2019.

9.     In his role as account executive, Defendant's duties and responsibilities included interacting with customers and potential customers and seeking to provide sales for Defendant's business within his assigned sales territory.

10.     As part of his employment, Defendant signed a Confidentiality, Non-Competition and Non-Solicitation Agreement (the "Agreement"). A true and accurate copy of the Agreement is attached as **Exhibit A**.

11.     Pursuant to the Agreement, Defendant agreed in pertinent part:

7.     **Restrictive Covenants.**     I agree further that in order to preserve the confidentiality of the Confidential Information, to prevent the theft or misuse of the Confidential Information, to protect the Company's customer and supplier relationships, with both its prospective and existing customers and suppliers, to protect its customer goodwill, and to protect the Company from improper or unfair competition, I will not, directly or indirectly, during my employment and for a period of twelve (12) months from the date my employment with the Company terminates or expires, for any reason, whether such termination or expiration is voluntary or involuntary:

(a)     **Non-Competition.** Engage in any line of business that is competitive with the Company's Business being conducted by the Company, for his/her own account or as a member of any type of partnership or legal entity, or as an employee, stockholder (other than the ownership of less than 1% of the outstanding shares of any publicly held corporation), investor, officer, director of a corporation or other legal entity; nor lend, afford, or furnish money or assistance, financial or otherwise, organize, direct, counsel, or advise anyone in any line of business that is similar to or competitive with the Company's Business within the counties that employee worked in and/or had responsibilities for while employed at Company.

(b)     **Non-Solicitation of Company Officers, Employees, or Contractors.** Solicit, divert, or attempt to solicit or divert, from the Company any officer, employee, contractor or any person providing services to, or on behalf of, the Company, or influence any such person to no longer serve as an officer, employee or contractor, or provide services to, or for, the Company.

3

(c)     **Non-Solicitation of Company Customers or Potential Customers.** Call upon or contact any customer or prospective customer of the Company for the purpose of soliciting, servicing or selling to such customer or prospective customer any of the services or products that are being provided or offered by the Company, or otherwise solicit, divert, or attempt to solicit or divert from the Company, any work or business related to the Company's Business from any customer or prospective customer of the Company, for either myself or any other entity that may employ, engage or associate with me in any fashion.

For the purposes of this Agreement, "customer or potential customer" shall be any corporation, partnership, proprietorship, firm or association that the Company has contacted, either orally or in writing, to sell product and/or deliver services to during the 12 months preceding the date of my termination from the Company's employ or to whom the Company has actually sold or delivered any products and/or services to during the 12 months preceding my termination from the Company's employ.

8.  **Irreparable Harm.** I acknowledge that the Company has a legitimate need to protect itself from improper or unfair competition and to protect its Confidential Information, as well as the Company's customer relationships with both its prospective and existing customers, to protect its customer goodwill, and that the restrictions contained in this Agreement are reasonable and necessary to protect the Company's operations, legitimate competitive interests, and Confidential Information. I also recognize the highly competitive nature of the Company's business and that irreparable harm would be caused by my violation of the restrictions contained herein.

9.  **Remedies/Damages.** I agree that the Company's remedies at law for any violation of this Agreement are inadequate and that the Company has the right to seek injunctive relief in addition to any other remedies available to it. Therefore, if I breach this Agreement, I agree that the Company has the right to, and may seek issuance of a court-ordered temporary restraining order, preliminary injunction and permanent injunction, as well as any and all other remedies and damages, including monetary damages. In the event that I am breaching this Agreement after the termination or expiration of my employment, whether voluntary or involuntary, the twelve (12) month time period set forth in Section 7 above shall be tolled during the period of my non-compliance or violation in order to provide the Company with the full restricted period to which it is entitled under this Agreement. I further agree to pay any and all legal fees, including without limitation, all attorneys' fees, court costs, and any other related fees and/or costs incurred by the Company in enforcing this Agreement.

***

13. **Choice of Law and Entire Agreement.** This Agreement shall be governed by the laws of the State of Michigan, without regard to conflict of laws principles.

4

This Agreement represents the entire understanding between me and the Company regarding its contents, and supersedes and replaces any prior agreement between the parties on this subject matter. Any alteration or modification of this Agreement shall not be valid unless in writing and signed by all parties.

14. **Jurisdiction and Forum**. Unless otherwise prohibited by law, any action arising out of this Agreement or the relationship between the parties established herein shall be brought only in the State of Michigan Courts of appropriate venue, or the United States District Court sitting in Michigan, and I hereby consent to and submit myself to the jurisdiction of such Courts.

**Exhibit A.**

15. Defendant also agreed that he would provide a copy of his Agreement to his new employer. He also agreed that he would provide Plaintiff AMH with the identity of his new employer and a description of the services being provided in sufficient detail to allow AMH to reasonably determine whether such activities violated his Agreement. **Exhibit A**, Section 11.

16. Plaintiff AMH recently discovered that Defendant went to work for a direct competitor – National Lift Truck Service, Inc. - in nearly the same role and in the same territory that he was responsible for while employed by Plaintiff AMH.

17. Specifically, Defendant Werner admits in his own Linkedin.com profile that he is now working for National Lift Truck Service, Inc. (a direct competitor) as an "Account Manager." **Exhibit C**, Defendant Werner's Linkedin.com Profile.

18. Notably, despite his notification obligations under the Agreement, Defendant Werner never advised Plaintiff AMH that he accepted any employment, let alone the position as Account Manager at a direct competitor.

## IRREPARABLE INJURY

19. Defendant's work with a direct competitor in nearly the same role and in the same territory that he was responsible for while employed with Plaintiff, all the while armed with

AMH's most confidential and proprietary information and trade secrets, constitutes a direct violation of the Agreement.

20.     As a direct consequence of Defendant's actions, Plaintiff AMH stands to lose its competitive edge, customers, confidential information and trade secrets, employees, the goodwill and referral business of its customers and employees, and revenues in an amount that cannot be readily ascertained.

21.     Plaintiff is also faced with the substantial risk that Defendant will use its confidential information and trade secrets to Plaintiff's competitive disadvantage.   Indeed, Defendant is working for a direct competitor in nearly the same role and same territory as he was responsible for while employed with Plaintiff.

22.     As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer irreparable harm.

23.     If Defendant is not immediately ordered from violating his non-compete and confidentiality obligations under the Agreement, Plaintiff will continue to suffer irreparable harm.

## COUNT I
## <u>BREACH OF CONTACT</u>

24.     Plaintiff incorporates each of the prior paragraphs as if fully restated herein.

25.     The Agreement executed by Defendant is a valid and binding contract.

26.     Defendant is breaching the Agreement by working for a direct competitor in nearly the same roles and in the same territory that he was responsible for while working for Plaintiff, all the while armed with Plaintiff's confidential information and trade secrets.

27.     As a result of Defendant's conduct, Plaintiff has suffered irreparable injury, including its loss of its competitive edge, customer goodwill, and fair competition, in an amount

that exceeds $25,000.00, exclusive of costs, and attorneys' fees, and there is immediate and imminent danger that Plaintiff will continue to suffer irreparable injury for which there is no adequate remedy at law.

28.     Plaintiff is entitled to preliminary and permanent injunctive relief against further breaches of the Agreement, as well as equitable extension of the Agreement, and the immediate return of Plaintiff's information and property.

<u>**RELIEF REQUESTED**</u>

**WHEREFORE,** Plaintiff AMH respectfully requests:

(1)    That Defendant be preliminarily enjoined, and permanently thereafter enjoined, from, directly or indirectly:

     a.    Working for National Lift Truck Service, Inc. or any competitor of Plaintiff in a competitive capacity for a period of at least one (1) year from the date of entry of an order;

     b.    Using or disclosing any of Plaintiff's property or confidential, proprietary or trade secret information; and

     c.    Otherwise breaching any of Defendant's obligations under the Agreement.

(2)    That Defendant be ordered in the form of a preliminary injunction to immediately turn over all Plaintiff's property to Plaintiff's counsel, including any electronic storage devices containing Plaintiff's information and property, all originals and copies of tangible property, proprietary documents, trade secrets, confidential information, discs, drawings, quotes, blueprints, diagrams, notes, client files, client information, employment information, business development information, request for proposal, request for bid, client correspondence, meeting minutes, notes of site visits, marketing data, prospect meeting data, proposals, faxes, financial information, pricing, contracts, marketing brochures, marketing database, marketing plans, costs, customer lists and pipelines, customer information, internal weaknesses, prospect lists, client lists, employee lists, alliance relationships, competitive bid information, client contact lists, sales leads, prospective employee lists, business plans, profit, margin, and forecasting information, strategic planning, project costs, warehousing strategies, financial data, financial plans, costs, margins, receivable insurance strategies, billing and invoice methods, customer payment history, end-user approval methods, and any other Plaintiff data kept in any form or media whatsoever.

(3)     That Defendant preserve all evidence, whether in hard copy or electronic form, which in any way relates to the claims made in this case.

(4)     That after trial in this action, a permanent injunction be issued to the same effect as the preliminary injunction requested above, including, but not limited to, equitable extension of the Agreement for the period of Defendant's deceptive and wrongful conduct and misappropriation of Plaintiff's trade secrets.

(5)     That Plaintiff be granted as relief money damages, including exemplary damages, lost profits, unjust enrichment damages, all other appropriate damages, as well as all costs and disbursements of this action, including actual attorneys' fees and costs, and such other relief as this Court may deem just and proper.

Respectfully submitted,

BUTZEL LONG, a professional corporation

By: /s/ Bernard J. Fuhs
Bernard J. Fuhs (P69621)
150 W. Jefferson – Suite 100
Detroit, Michigan 48226
313-225-7044
fuhs@butzel.com

8

2017778

## VERIFICATION

Kathleen Simons, first being duly sworn, deposes and states that she is the Human Resources Manager at Andersen Material Handling, LLC, Plaintiff in the above-entitled action; that she has read the foregoing Verified Complaint and knows its content; and that the statements of fact set forth in the above Verified Complaint are true and correct, except as to matters therein stated to be on information and belief; and as to those matters, she believes the same to be true to the best of her knowledge and belief.

_____
Kathleen Simons

Sworn to and subscribed before me
this 10th day of December, 2019

_____
Notary Public

K J Godin
Notary Public of Michigan
Genesee County
Expires 08/31/2020
Acting in the County of _____

1990572

# EXHIBIT A



**Andersen Material Handling**
**Confidentiality, Non-Competition and Non-Solicitation Agreement**

## BACKGROUND

I desire to become, or remain, an employee of Andersen Material Handling and/or its affiliated companies, joint ventures, subsidiaries, and the successors and assigns of these entities (hereinafter the "Company") and the Company desires to employ me but also preserve the confidentiality of certain information and relationships that may be disclosed to me during the course of my employment by the Company. I acknowledge that substantial cost and expense has been or will be incurred by the Company for my training, and my training and employment has required or will require the disclosure of certain confidential and proprietary information, trade secrets and customer relationships.

## AGREEMENT

In consideration of my employment, continued employment, promotion, compensation increase, and/or bonus from the Company, I agree to the following:

1.  **At-Will Employment.** I acknowledge that my employment is on an at-will basis, which means that both the Company and I may terminate my employment relationship at any time for any or no reason, with or without notice.

2.  **Company's Business.** I acknowledge and agree that the Company's Business is highly competitive and includes the Company's sales and service of material handling equipment.

3.  **Protection of Confidential and Proprietary Information, Personal Information and Trade Secrets.** I acknowledge and agree that during my employment, I will be or have been exposed to confidential and proprietary information and trade secrets of the Company. The confidential and proprietary information and trade secrets include, but are not limited to, all non-public information pertaining to the Company's Business, including but not limited to, the Company's processes, know-how, customer lists, call books, territory and programs, pricing strategy, marketing strategy, market data, sales, parts, service, training, products, business plans, equipment information, customer information, customer contracts and requirements, supplier and dealer information, employee lists, employee capabilities matrices, employee training information and practices, and the methods and operations of the Company as they exist from time to time (the "Confidential Information"). Confidential Information specifically includes all information the Company receives from customers or other third parties that is not generally known to the public or is subject to a confidentiality agreement. Confidential Information does not include general industry skills, experience, or know-how, and does not include information that is generally available to the public.

HR 040113



4. **Confidentiality/Non-Disclosure Obligation.** I will not disclose to anyone in any way, directly or indirectly, the Company's Confidential Information or improperly make use of Confidential Information both during my employment with the Company and at any time after my employment with the Company terminates or expires, whether such termination or expiration is voluntary or involuntary. I shall bear all costs, losses and damages resulting from a breach of this paragraph.

5. **Return of Company Property.** I agree that all Confidential Information is the exclusive property of the Company. I also agree that I have no property rights or claim to the Confidential Information or any other property of the Company or its customers, manufacturers, dealers, and suppliers. Therefore, I agree that upon the termination or expiration of my employment with the Company for any reason, whether such termination or expiration is voluntary or involuntary, I shall immediately return to the Company all Confidential Information, Company property, and customer, manufacturer, dealer, and supplier property, in any form, including, but not limited to, all documents in hard copy and electronic form, and in any media in which such information is recorded or stored.

6. **Proprietary Rights in Work-Related Social Media Accounts.** I agree that any social media accounts created or supported by the Company and any social media accounts that I have created or maintained for work-related purposes during my employment with the Company are the property of the Company ("Company Account"). I acknowledge and agree that if I want to create or maintain my own personal social media accounts for non-work related reasons, I shall maintain my personal accounts separately from the Company Account. I further agree that when my employment with the Company terminates or expires, whether such termination or expiration is voluntary or involuntary, any Company Account remains the proprietary property of the Company, and that the other terms of this Agreement shall apply to the Company Account, including those terms related to confidentiality, non-competition, non-solicitation, and return of property, where allowed by law. I consequently agree to provide the Company with access, during and after employment, for the account log-ins and passwords of any Company Account.

7. **Restrictive Covenants.** I agree further that in order to preserve the confidentiality of the Confidential Information, to prevent the theft or misuse of the Confidential Information, to protect the Company's customer and supplier relationships, with both its prospective and existing customers and suppliers, to protect its customer goodwill, and to protect the Company from improper or unfair competition, I will not, directly or indirectly, during my employment and for a period of twelve (12) months from the date my employment with the Company terminates or expires, for any reason, whether such termination or expiration is voluntary or involuntary:

    (a)    **Non-Competition.** Engage in any line of business that is competitive with the Company's Business being conducted by the Company, for his/her own account or as a member of any type of partnership or legal entity, or as an employee, stockholder (other than the ownership of less than 1% of the outstanding shares of any publicly held corporation),



investor, officer, director of a corporation or other legal entity; nor lend, afford, or furnish money or assistance, financial or otherwise, organize, direct, counsel, or advise anyone in any line of business that is similar to or competitive with the Company's Business within the counties that employee worked in and/or had responsibilities for while employed at Company.

(b) **Non-Solicitation of Company Officers, Employees, or Contractors.**
Solicit, divert, or attempt to solicit or divert, from the Company any officer, employee, contractor or any person providing services to, or on behalf of, the Company, or influence any such person to no longer serve as an officer, employee or contractor, or provide services to, or for, the Company.

(c) **Non-Solicitation of Company Customers or Potential Customers.**
Call upon or contact any customer or prospective customer of the Company for the purpose of soliciting, servicing or selling to such customer or prospective customer any of the services or products that are being provided or offered by the Company, or otherwise solicit, divert, or attempt to solicit or divert from the Company, any work or business related to the Company's Business from any customer or prospective customer of the Company, for either myself or any other entity that may employ, engage or associate with me in any fashion.

For the purposes of this Agreement, "customer or potential customer" shall be any corporation, partnership, proprietorship, firm or association that the Company has contacted, either orally or in writing, to sell product and/or deliver services to during the 12 months preceding the date of my termination from the Company's employ or to whom the Company has actually sold or delivered any products and/or services to during the 12 months preceding my termination from the Company's employ.

8. **Irreparable Harm**. I acknowledge that the Company has a legitimate need to protect itself from improper or unfair competition and to protect its Confidential Information, as well as the Company's customer relationships with both its prospective and existing customers, to protect its customer goodwill, and that the restrictions contained in this Agreement are reasonable and necessary to protect the Company's operations, legitimate competitive interests, and Confidential Information. I also recognize the highly competitive nature of the Company's business and that irreparable harm would be caused by my violation of the restrictions contained herein.

9. **Remedies/Damages**. I agree that the Company's remedies at law for any violation of this Agreement are inadequate and that the Company has the right to seek injunctive relief in addition to any other remedies available to it. Therefore, if I breach this Agreement, I agree that the Company has the right to, and may seek issuance of a court-ordered temporary restraining order, preliminary injunction and permanent injunction, as well as any and all other remedies and damages, including monetary damages. In the event that I am breaching this Agreement after the termination or



expiration of my employment, whether voluntary or involuntary, the twelve (12) month time period set forth in Section 7 above shall be tolled during the period of my non-compliance or violation in order to provide the Company with the full restricted period to which it is entitled under this Agreement. I further agree to pay any and all legal fees, including without limitation, all attorneys' fees, court costs, and any other related fees and/or costs incurred by the Company in enforcing this Agreement.

10. <u>Representations and Warranties</u>. By entering into this Agreement, I represent and warrant that I am able to perform the contemplated duties of employment without breach of confidentiality or disclosure of proprietary information of any third party, and that no proprietary information of any third party shall be disclosed to the Company. I also represent and warrant that I am not prohibited from entering into this Agreement by any non-competition agreement or any other restrictions. Further, I agree to indemnify and hold harmless the Company from any claim or cause of action by any person or entity against the Company arising out of an alleged breach by me of any confidentiality agreement, non-competition agreement or any other restrictions inconsistent with my foregoing representations.

11. <u>Duty to Disclose Agreement and to Report New Employer</u>. I acknowledge that the Company has a legitimate business purpose in the protection of its trade secrets, proprietary information, competitive position, methods of operation, processes, procedures and vendors. I also recognize and agree that the Company has the right to such information as is reasonably necessary to inform the Company whether the terms of this Agreement are being complied with. Accordingly, I agree that for a period of twelve (12) months following my termination of employment, I will promptly and forthrightly provide any new employer with a copy of this Agreement and notify them of my obligations contained here. I also will provide the Company with the identity of my new employer(s) and a description of the services being provided by me in sufficient detail to allow the Company to reasonably determine whether such activities fall within the scope of activities prohibited by the provisions of this Agreement.

12. <u>Termination</u>. I agree to bring any claims that I may have against the Company within 180 days of the day that I knew, or should have known, of the facts giving rise to the cause of action and waive any longer, but not shorter, statutory or other limitations periods. This includes, but is not limited to, the initial filing of a charge with the Equal Employment Opportunity Commission and/or state equivalent civil rights agency. However, I understand that I will thereafter have the right to pursue any federal claim in the manner prescribed in any right to sue letter that is issued by an agency

13. <u>Choice of Law and Entire Agreement</u>. This Agreement shall be governed by the laws of the State of Michigan, without regard to conflict of laws principles. This Agreement represents the entire understanding between me and the Company regarding its contents, and supersedes and replaces any prior agreement between

HR 040113



the parties on this subject matter.  Any alteration or modification of this Agreement shall not be valid unless in writing and signed by all parties.

14. **Jurisdiction and Forum**.  Unless otherwise prohibited by law, any action arising out of this Agreement or the relationship between the parties established herein shall be brought only in the State of Michigan Courts of appropriate venue, or the United States District Court sitting in Michigan, and I hereby consent to and submit myself to the jurisdiction of such Courts.

15. **Savings Clause**.  It is expressly understood and agreed that although the Company and I consider the restrictions contained in this Agreement to be reasonable for the purpose of preserving the Company's Confidential Information, as well as the Company's customer relationships with both its prospective and exiting customers, and its customer goodwill, if the aforesaid restrictive covenants are found by any court having jurisdiction to be invalid or unreasonable because they are too broad in any extent, then the restrictions herein contained shall nevertheless remain effective, but shall be deemed amended as may be considered to be reasonable by such court, and as so amended shall be enforced.

16. **Successors and Assigns**.  This Agreement shall be binding upon and inure to the benefit of the Company and its respective successors and assigns, and upon me and any of my heirs, personal representatives and assigns, except that my duties hereunder may not be delegated or assigned.

17. **Captions**.  Captions to paragraphs and sections of this Agreement have been included solely for the sake of convenient reference and are entirely without substantive effect.

Date: _8/10/15_

_(signature)_
Employee Signature

Print Name: _Scott Wetner_

ANDERSEN MATERIAL HANDLING

By: _(signature)_

Date: _8/10/15_

Title: _V.P. Florida Division_

HR 040113

# EXHIBIT B

(877) 960-6800



Q Search

☰ MENU

Information For:

# Select a Sales and Service Center

We help customers move goods reliably, efficiently, and safely. We measure our success on our ability to help customers save time and money, maximize space, and mitigate risk.

Choose a location to put our experience to work for you.

**CORPORATE OFFICE**
## Wixom, MI

**30575 Andersen Court**
**Wixom, Michigan 48393**
**Phone: (877) 960-6800**



## Metro Detroit and Southeast Michigan

30575 Andersen Court
Wixom, Michigan 48393
Phone: (877) 960-6800

Contact

## Grand Rapids and Western Michigan

3146 Broadmoor Avenue Southeast

Grand Rapids, Michigan 49512
Phone: (877) 975-1660

Contact

## Greater Cleveland and Northeast Ohio

1960 Summit Commerce Park
Twinsburg, Ohio 44087
Phone: (800) 362-7602

Contact

## Toledo and Northwest Ohio

5272 Tractor Road
Toledo, Ohio 43612
Phone: (419) 269-9183

Contact

## Greater Miami and Southern Florida

1360 Southwest 32nd Way
Deerfield Beach, Florida 33442
Phone: (877) 521-1850

Contact

## The Caribbean and Latin America

1360 Southwest 32nd Way
Deerfield Beach, Florida 33442
Phone: (877) 521-1850

Contact

**Employment**
**Resources and Articles**
**Locations**

©2019 Andersen Material Handling

Privacy and Use Policy

# ANDERSEN
MATERIAL HANDLING

**(877) 960-6800  |  Contact Us**

30575 Andersen Court,
Wixom, MI 48393

# EXHIBIT C

in   Q Search      ○ ○   ○    Reactivate Premium for Free

WSJ Cyber Monday Sale - $1 for 2 months. Don't wait. Subscribe today. Cancel anytime.   Ad   ···

Brett, reactivate your Premium free trial tod



See who's viewed your profile in the 90 days

[ Reactivate Trial ]



Message   More...

NATIONAL LIFT TRUCK
SERVICE INC

## Scott Werner · 3rd

**Account Manager at NATIONAL LIFT TRUCK SERVICE INC**

Miami/Fort Lauderdale Area · 197 connections · Contact info

## About

A seasoned material handling equipment sales professional with a proven record of exceptional sales performance

## Experience

**Account Manager**
NATIONAL LIFT TRUCK SERVICE INC
Sep 2019 – Present · 4 mos
Miami, Florida


**Account Executive**
Andersen Material Handling
Aug 2015 – Jan 2019 · 3 yrs 6 mos


**Southeast Florida Account Manager**
Briggs Equipment Co.
Feb 2011 – Aug 2015 · 4 yrs 7 mos
Miami, FL

**President**
W.E.S., INC
Feb 2004 – Feb 2011 · 7 yrs 1 mo

Contracted Sub-Dealer for Hyster and New Holland Equipment for Modern Handling Group in Northern New Jersey

**President**
MetroLift, Inc.
Feb 1997 – Jun 2005   8 yrs 5 mos

Contracted Hyster Sub-Dealer for Modern Handling Group in Manhattan, Bronx, and Westchester Counties

Show 2 more experiences ⌄

People Also Viewed

 **Christopher Sarringer**
National Account Manager at Ar
Material Handling

 **Amie DiDia**
Parts & Safety Manager at Ander
Material Handling

 **Richard Gulledge**
Rental Manager at Andersen Ma
Handling

 **Anthony Merkel**
Andersen Material Handling

 **Sam Merkel**
Account Manager at Andersen M
Handling

 **Ricardo Averta**
Account Executive

 **Bob DiDia**
Vice President at Andersen Mate
Handling

**Drew Lindow**
General Sales Manager - Latin A
and Caribbean at Crown Equipm
Corporation

**Joe MacCready**
Regional Sales Manager at FlyTel

**Mike Trump**
Southeast Operations Manager a
Arbon Equipment Corporation

# Oakland County 6th Judicial Circuit Court
## NOTICE OF MANDATORY EFILING

- Your case has been assigned to the mandatory efiling pilot project according to Administrative Order (AO) 2007-3 and AO 2010-3 and can be found at www.oakgov.com/efiling.

- **Plaintiff is responsible for serving a copy of this notice (or an indication of this notice) with the Summons and Complaint on all opposing parties.**

- All future filings must be made through MiFILE, Powered by Truefiling. You may access efiling at www.oakgov.com/efiling.

- Before you may efile a document with the Court, you must register through the MiFILE website.

- Trainings on MiFILE are offered:
    - on a walk-in basis at the Oakland County Courthouse. Dates/times can be found at www.oakgov.com/efiling.
    - through webinars at https://register.gotowebinar.com/rt/5929038774724252930.

- Support:
    - MiFILE technical and customer care support – 855-959-8868 or mifile@imagesoft.com
    - Oakland County Clerk's Office efiling questions – 248-452-8643

- Judges issue opinions and orders electronically. All filers must add themselves as a Case Contact to receive service of opinions and orders through MiFILE. If you fail add yourself, you will **not** receive copies of orders issued by the Court. Neither the Court nor the County Clerk provide free copies of opinions, orders, or other electronically filed documents to an attorney or party who fails to add themselves as a Case Contact. Copies can be obtained from the County Clerk at a cost of $1.00 per page.

Updated 9/2018

# eFiling Quick Tips

➢ It is important that you register with MiFILE and that you "connect" yourself to your case to receive service at https://mifile.courts.michigan.gov/login. If you are not listed as a service contact you will not receive copies of documents that are issued by the court. This will result in a fee to purchase a copy of the document afterwards.

➢ A credit card is required to submit statutory court filings through MiFILE. Statutory document fees are subject to a credit card transaction fee up to 3% - all other documents will NOT be charged any fees.

➢ Payment is applied to the filer's credit card at time of submission – if a document is rejected, the payment will be refunded.

➢ Anytime a document is rejected, the filer will receive an e-mail explaining the reason for the rejection. You must check your e-file account for status of your document and to obtain a copy of the time stamped document.

➢ To prevent e-mails containing the service of documents going into your spam/junk folder we recommend that you register info@truefiling.com and truefilingadmin@truefiling.com with your e-mail provider, or add them to your white list.

➢ Filing deadlines are extended to midnight. Documents submitted after midnight on Friday or the day before a holiday will be accepted as of 8:00 a.m. the following business day.

➢ All pleadings are required to be signed with either an ink (wet/scanned) signature or the electronic signature which must read as follows:  /s/name.

➢ It is important that you review your documents before submitting them. Make sure that your document is legible, that it is scanned at 8 ½ by 11 scale size and it is facing the right direction.  We recommend that you do not submit your documents in color.  Please scan your documents in black and white and at 200 DPI.

➢ Documents that are related to each other can be submitted together as one document/PDF.  For example: Motion for Summary Disposition/Brief/Notice of Hearing/Proof of Service.  Documents that are not related to each other must be submitted as their own document.  If you have any questions regarding the filing of related documents please call the Oakland County Clerk's Office at (248)452-8643.

➢ If service is selected during file submission, service on the selected parties is made at the time of submission. The MiFILE system will generate a Proof of Service document that will be filed into the court file.

➢ Praecipes must be submitted through the e-praecipe system in order for your court date to be scheduled. You can find the ePraecipe link on our website at http://courts.oakgov.com/epraecipe. For ePraecipe questions, contact the Oakland County Case Management office at (248)858-5831.

➢ For more information about MiFile, Powered by TrueFiling, visit http://www.mifile.info/.

➢ For more information about Oakland County's efiling, visit www.oakgov.com/efiling.

Updated 9/2018

# EXHIBIT B

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

Approved, SCAO

| Original - Court | 2nd copy - Plaintiff |
| 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT** | **SUMMONS** | 2019-178461-CB |
| 6th **JUDICIAL CIRCUIT** | | |
| **COUNTY PROBATE** | | |

Court address
1200 N. Telegraph Road, Dept. 404, Pontiac, MI 48341

Court telephone no.
248-858-0344

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| ANDERSEN & ASSOCIATIONS, INC. D/B/A ANDERSEN MATERIAL HANDLING | v | SCOTT WERNER<br>1627 RIVERVIEW RD., #110<br>DEERFIELD BEACH, FL 33441 |

Plaintiff's attorney, bar no., address, and telephone no.

Bernie J. Fuhs (P69621)
Butzel Long, PC
150 W. Jefferson, Suite 100
Detroit, MI 48226
313-225-7044 / fuhs@butzel.com

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 12/11/2019 | 03/11/2020 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)   **SUMMONS**

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

FILED   Received for Filing   Oakland County Clerk   12/11/2019 9:44 AM

| PROOF OF SERVICE | SUMMONS<br>Case No. 2019-178461-CB |
|---|---|

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

| CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE | |
|---|---|
| ☐ **OFFICER CERTIFICATE**<br>I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | OR ☑ **AFFIDAVIT OF PROCESS SERVER**<br>Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☑ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with ___Exhibits A-C___

List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled | Fee<br>$ | | Signature |
|---|---|---|---|---|
| Incorrect address fee<br>$ | Miles traveled | Fee<br>$ | TOTAL FEE<br>$ | Name (type or print) |

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____   Signature: _____
Date                                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

| ACKNOWLEDGMENT OF SERVICE |
|---|

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

Original – Court

| STATE OF MICHIGAN<br>6TH JUDICIAL CIRCUIT<br>COUNTY OF OAKLAND | NOTICE OF ASSIGNMENT TO THE<br>BUSINESS COURT | CASE NO. 2019-178461-CB<br>2019-       -CB |
|---|---|---|

Court address
1200 N Telegraph Rd    Pontiac, MI 48341

Court telephone no.
248-858-0345

| Plaintiff's name(s), address(es), and telephone number(s)<br>ANDERSEN & ASSOCIATES, INC. D/B/A<br>ANDERSEN MATERIAL HANDLING, a Michigan<br>corporation | v | Defendant's name(s), address(es), and telephone number(s)<br>SCOTT WERNER<br>1627 Riverview Rd., #110<br>Deerfield Beach, FL 33441 |
|---|---|---|
| Plaintiff's attorney, bar no., address, telephone no., and email address<br>Bernie J. Fuhs (P69621)<br>150 W. Jefferson, Suite 100<br>Detroit, MI 48226<br>313-225-7044  / fuhs@butzel.com | | Defendant's attorney, bar no., address, telephone no., and email address |

The ☒ Plaintiff ☐ Defendant  requests assignment of the above captioned matter to the Business Court. The case qualifies for the Business Court and the matter should be identified as Business Court eligible pursuant to MCL 600.8031, MCL 600.8035, and LAO 2013-xx as indicated below. (Check all that apply.)

The case is a qualifying business or commercial dispute as defined by MCL 600.8031(1)(c) as:

☐ All of the parties are business enterprises;

☒ One or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members of a limited liability company or similar business organization, directors, officers, agents, employees, suppliers, guarantors of a commercial loan, or competitors, and the claims arise out of those relationships;

☐ One of the parties is a nonprofit organization and the claims arise out of that party's organizational structure, governance, or finances.

The business or commercial dispute involves:

☐ The sale, merger, purchase, combination, dissolution, liquidation, structure, governance, or finances of a business enterprise.

☐ Information technology, software, or website development, maintenance or hosting;

☐ The internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers;

☒ Contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including, but not limited to, alternative dispute resolution processes prescribed in the agreements;

☐ Commercial transactions, including commercial bank transactions;

☐ Business or commercial insurance policies; and/or

☐ Commercial real property.

☐ Other: (Please explain)

| 12-10-2019 | /s/ Bernie J. Fuhs |
|---|---|
| Date | Name |

Attorney for: Plaintiff

OCBC 01 (10/17) NOTICE OF ASSIGNMENT TO THE BUSINESS COURT

FILED    Received for Filing    Oakland County Clerk    12/10/2019 5:09 PM

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

ANDERSEN & ASSOCIATES, INC,
D/B/A ANDERSEN MATERIAL HANDLING,
a Michigan corporation,                                       Case No. 2019-178461-CB

      Plaintiff,                                              Hon. James M. Alexander
v.

SCOTT WERNER,
an individual,

      Defendant,

---

BUTZEL LONG, a professional corporation
Bernard J. Fuhs (P69621)
Brett J. Miller (P68612)
150 W. Jefferson, Suite 100
Detroit, Michigan 48226
313-225-7044
fuhs@butzel.com
millerbr@butzel.com

---

**PROPOSED ORDER FOR ALTERNATE SERVICE**

At a session of said Court located in
Pontiac, Michigan, County of Oakland
on       2/26/2020

PRESENT: HON.  James M. Alexander
               Circuit Court Judge

Plaintiff Andersen & Associates, Inc. d/b/a Andersen Material Handling ("Plaintiff" or

"AMH"), having moved for entry of an Order for Alternate Service of Process on Defendant Scott

Werner ("Defendant" or "Werner"), and the Court being fully advised in the premises;

    **IT IS HEREBY ORDERED** that Plaintiff's Motion for Alternate Service is GRANTED

for the reasons stated on the record, and that Plaintiff will serve the Summons, Verified Complaint

for Injunctive and Other Relief with Exhibits, and Notice of Assignment to the Business Court on

FILED   Received for Filing   Oakland County Clerk   2/26/2020 10:27 AM

Defendant by e-mail to swmetrolft@aol.com, and by regular mail to Defendant's residential address, located at 1627 Riverview Rd., #110, Deerfield Beach, Florida 33441.

**IT IS SO ORDERED.**

/s/ James M. Alexander
Oakland County Court Judge   JT

2